AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN JAY LONG,<br>  Plaintiff, | )<br>)<br>) |
| vs. | ) No. 04 C 4581 |
| POLICE OFFICER<br>MARTIN A. VOGEL, | )<br>) Judge Gottschall |
| POLICE OFFICER<br>LOUIS A. RANGEL, | ) |
| SISTER BERNADETTE MATHEISON, | ) |
| CATHOLIC BISHOP OF CHICAGO,<br>A CORPORATION SOLE/OUR LADY<br>OF VICTORY SCHOOL, | ) |
| EMERY JOSEPH YOST, | ) |
| JOHN YOST, | ) |
| JOSEPH PATRICK McCAFFERY, | ) |
| NORMA L. WATERS, | ) |
| KATHLEEN WATERS,<br>  Defendants. | ) |

**FILED** MAR 3 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11(b) & 11(c)[1]

I respectfully request that this Honorable Court issue sanctions, pursuant to Rule 11(b) & 11(c), against defense counsel, Rita M. Filaggi (FILAGGI), for making multiple misrepresentations in her motion to dismiss.

**Pro Se Pleadings**

A. Courts view pro se pleadings with considerable liberality and hold them to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-521; *Antonelli v. Sheahan*, 81 F. 3d 1422, 1427; *Calhoun v. DeTella*, 319 F. 3d 936, 943; *Hossman v. Blunk*, 784 F. 2d 793, 797; *Harmon v. Berry*, 728 F.2d 1407, 1409. Additionally, the Court may excuse literal compliance by pro se litigants, *Alley v. Dodge Hotel*, 501 F. 2d 880, and "the endeavors of lay litigants are not to be scrutinized for the precision expected of members of the bar." *Johnson v. United States*, 405 F. 2d 1072, 1074. Specifically, district judges should give special attention to pro se litigants faced with summary judgment motions. *Ham v. Smith*,

---

[1] See Federal Rules of Civil Procedure (FRCP).

653 F. 2d 628, 629-630; *Roseboro v. Garrison*, 528 F. 2d 309; *Sellers v. M.C. Floor Crafters, Inc.*, 842 F. 2d 639, 642.

### Players

B. Defense counsel FILAGGI is an associate at O'Hagan, Smith & Amundsen; Gerald V. Cleary (Cleary) is a partner at the same firm. Both filed their respective appearances on behalf of Defendants Matheison and the Catholic Bishop of Chicago.

### FILAGGI's Misrepresentations

C. Defense counsel FILAGGI has purposely misrepresented five different times[2] that "Chicago Police Officer [Rangel] provided Sister Bernadette, the Principal of a school, with official material and information from the Chicago Police Department that . . . [I] posed a danger to the children at Sister Bernadette's school." Incredibly, defense counsel FILAGGI then cites my first amended complaint to try to justify her 5 misrepresentations. Let's be clear. First, my complaint does not support defense counsel FILAGGI's 5 misrepresentations. Second, no Chicago Police Officer ever gave anyone "official material and information from the Chicago Police Department that ... [I] posed a danger to ... children ..." because no such information exists![3] Third, Defendant Rangel simply and ignorantly manufactured in his head slanderous information[4] concerning me that he subsequently told others, including Defendant Matheison.

D. After defense counsel FILAGGI failed to address her multiple misrepresentations in her reply to my response to her motion to dismiss, I brought her transgressions to Cleary's attention hoping to settle the matter amicably and without this Court's involvement. However, Cleary was clearly more interested in "playing lawyer"[5] than in discussing defense counsel FILAGGI's multiple misrepresentations. As a result, I told him I was going to file this motion.

### Advocacy

E. The rules of advocacy and the Rules of Professional Conduct do not allow misrepresentations or lying. Nevertheless, many lay people and some immature or unprofessional/unethical attorneys incorrectly feel that the lawyer's job is to twist

---

[2] See pages 17, 18, 20, 29, and 31 in FILAGGI's motion to dismiss.

[3] No law enforcement officer anywhere in the world has even questioned me regarding sex offenses or any offenses against children.

[4] If, as defense counsel FILAGGI wants you to believe, the information regarding me was "official material" from the Chicago Police Department (C.P.D.), it would be in writing on official C.P.D. letterhead. If that were the case, I would have pled a cause-of-action against the C.P.D. for libel.

[5] I use the phrase "playing lawyer" to characterize those people, lawyers and nonlawyers, who are overly/unnecessarily legalistic. When nonlawyers "play lawyer" it is usually because they think there is something magical about doing so; whereas, lawyers who "play lawyer" usually do so to intimidate or to hide their ineptitude.

facts and manufacture others. When lay people have this belief, it usually results from watching too many movies; however, lawyers who practice law in this manner usually do so because they are arrogant (and, obviously, ignorant).

F. Regardless of the etiology, it is unethical, unprofessional, and bad faith for defense counsel FILAGGI to have made multiple misrepresentations to this Court. *American International Adjustment Co. V. Galvin*, 86 F. 3d 1455; *Kirschner v. Zoning Board of Appeals of the Incorporated Village of Valley Stream*, 159 F.R.D. 391 (pleading filed for improper purpose violates Rule 11(b)(1)). Additionally, Rule 11(b)(3) requires persons alleging facts to do so with "evidentiary support." In the instant matter, defense counsel FILAGGI has absolutely no evidentiary support for stating 5 times that "... official material and information from the Chicago Police Department [exists indicating] that ... [I] posed a danger to the children at Sister Bernadette's school."

## Sanctions

G. Rule 11(c)(1)(A) gives the Court discretion to award costs, including attorney's fees, associated with presenting or opposing a sanctions motion. *Margolis v. Ryan*, 140 F. 3d 850. Ordering defense counsel FILAGGI to pay my costs will serve as a deterrent to any future misrepresentations that she (or the other defense counsel here) may be considering. *Barber v. Miller*, 146 F. 3d 707.

THEREFORE, for all of the above reasons, I request that this Honorable Court issue sanctions, including costs, against defense counsel FILAGGI for making multiple misrepresentations in her motion to dismiss.

Respectfully submitted,

Kevin Jay Long
Pro Se