IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN JAY LONG,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) No. 04 C 4581 |
| POLICE OFFICER<br>MARTIN A. VOGEL, | )<br>) Judge Gottschall<br>)<br>) |
| POLICE OFFICER<br>LOUIS A. RANGEL, | )<br>) courtesy copies to Charles P. Kocoras,<br>) Chief Judge and Magistrate Judge<br>) Ashman |
| SISTER BERNADETTE MATHEISON, | ) |
| CATHOLIC BISHOP OF CHICAGO,<br>A CORPORATION SOLE/OUR LADY<br>OF VICTORY SCHOOL, | )<br>)<br>) |
| EMERY JOSEPH YOST, | ) |
| JOHN YOST, | ) |
| JOSEPH PATRICK McCAFFERY, | ) |
| NORMA L. WATERS, | ) |
| KATHLEEN WATERS,<br>    Defendants. | )<br>) |

**FILED**

MAY 2 3 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLAINTIFF'S MOTION TO VACATE MAGISTRATE JUDGE'S UNLAWFUL ORDER**

I respectfully request that this Honorable Court vacate Magistrate Judge Ashman's unlawful 5/12/05 order[1] (paragraph 1 and paragraph 3, beginning with the second sentence). I offer the following in support:

**Pro Se Litigants**

A.    Courts view pro se pleadings with considerable liberality and hold them to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-521; *Antonelli v. Sheahan*, 81 F. 3d 1422, 1427; *Calhoun v. DeTella*, 319 F. 3d 936, 943; *Hossman v. Blunk*, 784 F. 2d 793, 797; *Harmon v. Berry*, 728 F.2d 1407, 1409. Additionally, the Court may excuse literal compliance by pro se litigants, *Alley v. Dodge Hotel*, 501 F. 2d 880, and "the endeavors of lay litigants are not to be

---

[1]     This order was entered on the docket on 5/17/05.

scrutinized for the precision expected of members of the bar." *Johnson v. United States*, 405 F. 2d 1072, 1074. Specifically, district judges should give special attention to pro se litigants faced with summary judgment motions. *Ham v. Smith*, 653 F. 2d 628, 629-630; *Roseboro v. Garrison*, 528 F. 2d 309; *Sellers v. M.C. Floor Crafters, Inc.*, 842 F. 2d 639, 642.

## History & Background

B. This Court referred defense attorney Joe McCaffery's (McCAFFERY) Rule 11[2] motion against me to Magistrate Judge Ashman <u>only</u> to make recommendations. Importantly, this Court only gave Judge Ashman <u>limited</u> jurisdiction to entertain McCAFFERY's Rule 11 motion.

C. This matter was before Magistrate Judge Ashman twice. During the first proceeding and without anyone asking, he explained to the parties the procedure if we wanted him to have complete jurisdiction over the entire case. We unequivocally told him we are not interested in transferring jurisdiction to him. Then, during our next court appearance, for some reason Magistrate Judge Ashman felt the need to revisit this issue. We again let him know unequivocally that we are not interested in transferring complete jurisdiction to him.

D. During the second proceeding, defense attorney Rita Filaggi (FILAGGI) asked if she could be excused from future proceedings since she and her clients are not involved in McCAFFERY's Rule 11 motion. In denying FILAGGI's request, Magistrate Judge Ashman <u>gratuitously</u> said that litigation involving pro se litigants usually becomes problematic. Let's be clear: Although I have made some <u>technical</u> mistakes, the litigation has become difficult only because of McCAFFERY's frivolous/nonsensical motions. Accordingly, I find Magistrate Judge Ashman's <u>gratuitous</u> remark comparing this case with other pro se litigation to be offensive, rude, and unprofessional. Each case should be considered independently notwithstanding the stereotypes that some judges and most lawyers like to attach to those who represent themselves.

E. Since McCAFFERY, Chris Stone (STONE), or both are involved in perpetrating a fraud on this Court by altering my recorded messages, I issued subpoenas[3] to both of these attorneys for the tapes and answering machine that McCAFFERY has introduced as evidence in his Rule 11 motion. I require these items so that they can undergo forensic analysis to show that the recording has been altered and to properly defend against McCAFFERY's worthless allegations.

F. Neither McCAFFERY nor STONE has denied altering my recorded messages that the former has introduced into evidence, and both refuse to comply with my subpoenas.

G. Curiously, Magistrate Judge Ashman was more concerned about my <u>technical</u>

---

[2] All "Rules" are from the Federal Rules of Civil Procedure.

[3] See attachments.

mistake in failing to have the clerk issue my subpoenas than in McCAFFERY and STONE's fraudulent evidence. Specifically, Magistrate Judge Ashman ordered me to pay McCAFFERY and STONE each $500.00 in sanctions for supposedly violating Rule 37 (i.e., Failure to Make or Cooperate in Discovery: Sanctions) though no order compelling discovery under Rule 37(a) and no motion for sanctions under Rule 37(b) for failing to comply with a discovery order was ever filed!

H.  After I immediately indicted that I lacked the finances to pay the $1,000.00 sanctions, Magistrate Judge Ashman boldly and loudly[4] instantly admonished me multiple times that if the sanctions were not paid within 30 days, he would dismiss the entire lawsuit.

**Argument**

I.  To issue a valid, enforceable subpoena in a lawsuit, the lawsuit must properly be before a federal court having subject matter jurisdiction. *Olcott v. Delaware Flood Co.*, 76 F. 3d 1538, 1552. This Court has subject matter jurisdiction over this action.

J.  Every subpoena should:

   1. State the name of the court where the action is pending;

   2. Contain the caption of the case;

   3. Command the recipient to appear and testify, to produce documents or things for inspection, or to permit inspection of premises at a designated time and location; and

   4. Recite the language in subsections (c) and (d) of Rule 45.

   *Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633; *Elam v. Ryder Automotive Operations, Inc.*, 179 F.R.D. 413, 415; *Anderson v. Government of the Virgin Islands*, 180 F.R.D. 284.

   My subpoenas to both McCAFFERY and STONE meet <u>all</u> of the above-mentioned criteria.

K.  Based on paragraphs I and J, above, and since neither McCAFFERY nor STONE was prejudiced, Magistrate Judge Ashman should have enforced my subpoenas or at least allowed me to correct my <u>technical</u> mistake by reissuing the subpoenas with the clerk's signature. *Elam v. Ryder Automotive Operations, Inc.*, 179 F.R.D. 413,

---

[4] The situation in open court clearly did not warrant such offensive, rude, and unprofessional judicial behavior!

Based on paragraphs C, D, G, and H, above, I believe Magistrate Judge Ashman views pro se litigants unfavorably and is <u>actively</u> seeking any reason, technical or otherwise, to get rid of my case. Judges who follow their own agenda rather than the law are abusing their power and, as a result, embarrass themselves, the bench, and the bar. Quite simply, they are not doing their jobs.

415 (subpoena enforced despite omission of language from Rule 45 based on absence of prejudice). Hence, this Court should vacate Magistrate Judge Ashman's 5/12/05 order (paragraph 1) and enter my Rule-to-Show-Cause Petitions against both McCAFFERY and STONE.

L. For the following reasons, Magistrate Judge Ashman abused his discretion when he ordered me on 5/12/05 (paragraph 3, beginning with the second sentence) to pay monetary sanctions to McCAFFERY and STONE for supposedly violating Rule 37 (i.e., Failure to Make or Cooperate in Discovery: Sanctions):

1. Magistrate Judge Ashman lacks jurisdiction to issue sanctions, because this Court only gave him limited jurisdiction to entertain McCAFFERY's Rule 11 motion to make recommendations to this Court. Hence, Magistrate Judge Ashman's order is unlawful.

2. No order compelling discovery under Rule 37(a) and no motion for sanctions under Rule 37(b) for failing to comply with a discovery order was ever filed.

3. Neither McCAFFERY nor STONE was prejudiced. First, McCAFFERY had to be present on 5/12/05 for our status hearing even if I had not filed my subpoenas or Rule-to-Show-Cause Petitions. Second, both attorneys could have very easily complied with their respective subpoenas that only request the complete evidence that McCAFFERY is using against me to support his Rule 11 motion.[5]

4. A $1,000.00 sanction for a mere technical subpoena violation is excessively harsh, especially since this is my first Rule infraction.

5. STONE did not appear as an attorney nor did he do any legal work to warrant any compensation; hence, STONE is not entitled to reasonable attorney fees.

6. Neither McCAFFERY nor STONE filed an affidavit attesting to their respective putative out-of-pocket expenses.

7. My financial situation was never considered.

Hence, this Court should vacate Magistrate Judge Ashman's 5/12/05 order (paragraph 3, beginning with the second sentence).

M. For the following reasons, Magistrate Judge Ashman abused his discretion when he ordered on 5/12/05 (paragraph 3, beginning with the second sentence) that he would dismiss my entire action if I fail to pay the monetary sanctions:

1. Magistrate Judge Ashman lacks jurisdiction over this entire action. Hence, his order is unlawful.

---

[5] Curiously, both McCAFFERY and STONE refuse to provide the complete original recording of my messages; gee, I wonder why?!

2. Dismissing my entire action contravenes both my 7th Amendment right to a jury trial and Rule 38. Hence, Magistrate Judge Ashman's order is unlawful.[6]

3. Since dismissing an entire action is unduly harsh and should only be ordered in extreme circumstances, such relief is disfavored and is granted sparingly. *Valentin v. Dinkins*, 121 F. 3d 72, 74; *In re Southeast Banking Corp. Sec. & Loan Loss Reserves Litig.*, 212 B.R. 397, 403.

4. Dismissing my lawsuit is, in effect, a sanction on a sanction. That is, I received monetary sanctions for committing a technical error on my subpoenas and Magistrate Judge Ashman will dismiss my case if I fail to pay that sanction.

5. Relief from a judgment or order is permitted when it will further the interests of justice without affecting the substantial rights of the parties. *Lehman v. United States*, 154 F. 3d 1010, 1017. Vacating the 5/12/05 order (paragraph 3, beginning with the second sentence) will further the interests of justice without adversely affecting the Defendants' rights.

6. There is absolutely no justification for dismissing this entire action, because there are 4 other defendants whom McCAFFERY does not represent and who have not been prejudiced by my technical mistake in failing to have the clerk issue my subpoenas.

Hence, this Court should vacate Magistrate Judge Ashman's 5/12/05 order (paragraph 3, beginning with the second sentence).

THEREFORE, for all of the above reasons and to further the interests of justice, I request the following from this Honorable Court:

I. Vacate Magistrate Judge Ashman's unlawful 5/12/05 order (paragraph 1);

II. Vacate Magistrate Judge Ashman's unlawful 5/12/05 order (paragraph 3, beginning with the second sentence); and

III. Enter my Rule-to-Show-Cause Petitions against both McCAFFERY and STONE.

Respectfully submitted,

☺

Kevin Jay Long
Pro Se

---

[6] As most of us learned in law school, according to the U.S. Constitution's Supremacy Clause (Article VI, §2), our Constitution is the "supreme Law of the Land" which means that any law or official act that violates the Constitution is unlawful. *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819).

(SAM)

**RECEIVED**

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 0 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Long v. Vogel, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: 04 C 4581

MAGISTRATE JUDGE ASHMAN

TO: Joe McCaffert
2210 Sandburg Drive
Aurora, IL. 60506

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce ~~[struck through]~~ the following documents ~~objects~~ AND at the place, date, and time specified below (list documents or objects):

See Attachment.

| PLACE 219 S. Dearborn Street Courtroom 1386 | DATE AND TIME 4/6/05 (Noon) |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Pro Se π | DATE 3/28/05 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS
**KEVIN JAY LONG, B.S.**
**MEDICOLEGAL RESEARCH COMPANY**
4572 North Milwaukee Avenue
Suite 5B
Chicago, Illinois 60630-3745

[1] If action is pending in district other than di.

If you provide the following items <u>before</u> 4/6/05, I will waive your appearance:

A. A <u>complete</u> copy of the audio recording that attorney Chris Stone (STONE) provided to you containing Plaintiff Kevin Jay Long's (LONG) audio telephone messages to STONE's office answering machine;

B. An affidavit containing the following language:

> *Neither I nor anyone else that I know altered or tampered with in any way the tape that attorney Chris Stone (STONE) provided to me containing Plaintiff Kevin Jay Long's audio telephone messages to STONE's office answering machine; nothing has been added, deleted, or rearranged.*

C. The names, addresses, and telephone numbers of <u>everyone</u> who had any involvement in making the copy of Plaintiff LONG's audio messages left on attorney STONE's office telephone answering machine.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED Joe McCaffery 3/28/05 | 2210 Sandburg Drive    Certified mail |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| Dori D'Anna | |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     3-28-05           Dori D'Anna
                      DATE                     SIGNATURE OF SERVER



Ms. Dori D'Anna
4572 N. Milwaukee Ave. Apt. 5B
Chicago, IL 60630-3745

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

(SAVE)

RECEIVED
APR 06 2005

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LONG v. Vogel, et al.

SUBPOENA IN A CIVIL CASE

Case Number: 04 C 4581
MAGISTRATE
JUDGE ASHMAN

TO: CHRIS STONE
2626 N. Lakeview Ave.
Chicago, IL. 60614-1832

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME [scribbled out] |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce [redacted] the following documents & objects at the place, date, and time specified below (list documents or objects):

See Attachment.

| PLACE 219 S. Dearborn Street Courtroom 1386 | DATE AND TIME 4/6/05 (Noon) |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Pro Se π | DATE 3/28/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS

KEVIN JAY LONG, B.S.
MEDICOLEGAL RESEARCH COMPANY
4572 North Milwaukee Avenue
Suite 5B
Chicago, Illinois 60630-3745

[1] If action is pending in district other than d

If you provide the following items <u>before</u> 4/6/05, I will waive your appearance:

A. The complete <u>original</u> audio <u>recording</u> that was used to make a copy for attorney/defendant Joseph Patrick McCaffery (McCAFFERY);

B. The <u>original</u> telephone answering <u>machine</u> that was used to record Plaintiff Kevin Jay Long's (LONG) messages to attorney Chris Stone;

Plaintiff LONG will have the above items undergo forensic analysis to detect whether the <u>original</u> audio recording was altered or tampered.

C. An affidavit from attorney Chris Stone containing the following language:

> *Neither I nor anyone else that I know of altered or tampered with in any way the original of Plaintiff Kevin Jay Long's (LONG) audio telephone messages to my office answering machine; nothing has been added, deleted, or rearranged.*

D. The names, addresses, and telephone numbers of everyone who had any involvement in making the copy of Plaintiff LONG's audio messages left on attorney Chris Stone's office telephone answering machine; and

E. The manufacture's name, model number, and serial number of attorney Chris Stone's office telephone answering machine.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | 3/28/05 | 2626 N Lakeview | certified mail |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| CVS Store | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dori D'Anna | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3-28-05
DATE

SIGNATURE OF SERVER

Ms. Dori D'Anna
4572 N. Milwaukee Ave. Apt. 5B
Chicago, IL 60630-3745

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.